UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENTINA E. CASTILLO,<br><br>              Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>              Defendant. | Case No. CV 10-2584 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I.   SUMMARY

On April 13, 2010, plaintiff Florentina Castillo ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; April 26, 2010 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum and Opinion and Order of Remand because the Administrative Law Judge ("ALJ") failed to consider the impact of plaintiff's limited English language ability on her ability to perform her past relevant work.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On December 5, 2005, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 91-65). Plaintiff asserted that she became disabled on November 29, 2001, due to pain in her left arm and back, depression, and insomnia. (AR 91, 104). The ALJ examined the medical record and heard testimony from plaintiff, who was represented by counsel and testified through an interpreter, on June 23, 2008. (AR 24-46).

On September 22, 2008, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 19-23). Specifically, the ALJ found: (1) plaintiff suffered from the severe impairments of degenerative joint disease of the lumbosacral spine, obesity, hypertension, chronic headaches, and visual acuity impairments (AR 20); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 22); (3) plaintiff retained the residual functional capacity to perform light work with certain limitations[1] (AR 22); and (4) plaintiff is capable of performing her past relevant work as a plumbing hardware assembler (AR 22).

The Appeals Council denied plaintiff's application for review. (AR 10-13).

///

---

[1] Specifically, the ALJ determined that plaintiff "is restricted from the use of ladders, ropes, and scaffolds, with avoidance of unprotected heights and hazardous machinery, and further limited to occasional climbing, crawling, balancing, stooping, kneeling and crouching, precluded from fine discrimination at a distance, and handling and fingering are limited to frequent." (AR 22).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in

|   |   |
|---|---|
| 1 | significant numbers in the national economy?  If so, the |
| 2 | claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante, 262 F.3d at 953-54 (citing Tackett, 180 F.3d at 1098); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

### B.   Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

///
///
///

## IV. DISCUSSION

### A. Step Four Determination

Plaintiff argues that the ALJ committed legal error in determining that plaintiff can perform her past relevant work as a plumbing hardware assembler. (Plaintiff's Motion at 4-9). The Court agrees.

#### 1. Pertinent Law

At step four of the sequential evaluation process, the Administration may deny benefits when the claimant can perform the claimant's past relevant work as "actually performed," or as "generally" performed. Pinto v. Massanari, 249 F.3d 840, 845 (2001). ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") in determining the skill level of a claimant's past work. Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. § 404.1566(d)(1) (DOT is source of reliable job information). The DOT is the presumptive authority on job classifications. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). "[I]n order for an ALJ to rely on a job description in the [DOT] that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation." Pinto, 249 F.3d at 847 (citing Johnson, 60 F.3d at 1435).

Although the claimant has the burden of proving an inability to perform her past relevant work, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." Id. at 844. To determine whether a claimant has the residual capacity to perform her past relevant work, the ALJ must ascertain the demands of the claimant's former work and then compare the demands with her present capacity. Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986). In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain the following specific findings of fact: (1) a finding of fact as to the individual's residual functional capacity; (2) a finding of fact as to the physical and mental demands of the past job; and (3) a

finding of fact that the individual's residual functional capacity would permit a return to her past job or occupation. Social Security Regulation ("SSR") 82-62.[2]

### 2. Analysis

Plaintiff contends that the ALJ erred in failing to consider plaintiff's alleged illiteracy at step four, and notes that the DOT provides that the occupation of plumbing hardware assembler requires the ability to speak, read and write in English. (Plaintiff's Motion at 8-9) (citing DOT § 706.684-086). On the record before it, the Court is unable to determine whether the ALJ's step four conclusion is supported by substantial evidence.

The ALJ did not specify whether her conclusion that plaintiff could perform her past relevant work as a plumbing hardware assembler addressed the work as actually or generally performed. (AR 22-23). There is little evidence in the record regarding plaintiff's work as actually performed. However, the evidence suggests that the demands of plaintiff's actual work may exceed her current residual functional capacity. For example, plaintiff wrote that she frequently lifted weights of twenty-five pounds and "[h]andle[d], grab[bed] or grasp[ed] big objects" eight hours per day. (AR 105-06). These requirements appear to exceed her capacity to perform "a limited range of light work" and to handle only frequently. (AR 22). The Court is therefore unable to affirm the ALJ's decision on the basis that plaintiff could perform her past relevant work as she actually performed it.

Plaintiff's past relevant work as generally performed requires "Level 2" language abilities. DOT § 706.684-085. These abilities include a "[p]assive vocabulary of 5,000-6,000 words," "[r]ead[ing] at [a] rate of 190-215 words per minute," "[w]rit[ing] compound and complex sentences," and "[s]peak[ing] clearly

---

[2]Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990). Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007) (citing SSR 00-4p).

and distinctly with appropriate pauses and emphasis, correct punctuation, variations in word order, using present, perfect, and future tenses." Id.  These requirements appear to exceed plaintiff's English language abilities.  Plaintiff wrote that she could not "speak and understand English" and that her primary language is Spanish.  (AR 103).  The examining psychiatrist noted that plaintiff "was unable to speak English fluently" and conducted his interview through an interpreter.  (AR 194).  Plaintiff testified through an interpreter at the hearing.  (AR 26).  Responding to questions by the ALJ, plaintiff testified that she could speak "[a] little" English, possibly including the ability to respond to "small questions" but not "long questions," and that she could not read any words in English, with the possible exception of "street names."  (AR 28).  The ALJ noted in her decision that plaintiff "communicated through the agency of a Spanish interpreter" but did not include plaintiff's limited language ability in her residual functional capacity.  (AR 19, 22).  Neither the vocational expert nor the ALJ made any effort to explain how plaintiff's limited language capabilities comport with the "Level 2" language skills required for a plumbing hardware assembler.  Because the ALJ did not provide a persuasive explanation for this apparent conflict with the DOT job description, the Court cannot affirm the ALJ's step four determination on the basis that she is capable of performing her past relevant work as it is generally performed.  See Pinto, 249 F.3d at 845-47 (ordering remand where ALJ failed to "address[] the impact of [the claimant's] illiteracy on her ability to find and perform a similar job").

      Remand is warranted for the ALJ to consider the impact of plaintiff's limited English language ability on her ability to perform her past relevant work.  If necessary, the ALJ shall proceed to step five of the sequential evaluation.[3]

---

[3] Plaintiff's other argument, that the ALJ improperly parsed the requirements of a composite job the vocational expert allegedly identified as plaintiff's past relevant work (Plaintiff's Motion at 4-8), is unavailing.  Nowhere did the vocational expert testify that

(continued...)

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 30, 2010

                                              /s/
                                      Honorable Jacqueline Chooljian
                                      UNITED STATES MAGISTRATE JUDGE

---

[3](...continued)
plaintiff's past relevant work comprised a composite job. Instead, he identified two separate occupations that plaintiff performed, and testified that an individual with plaintiff's limitations would be capable of performing one of them. (AR 43-45).

[4]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).